UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| TONYA G. MARCUM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-440-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Tonya G. Marcum ("Marcum" or "the Claimant") and Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner"). [Record Nos. 12, 15] Marcum argues that the administrative law judge ("ALJ") assigned to her case erred in finding that she is not entitled to a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Insurance ("SSI") under the Social Security Act ("Act"). She seeks reversal of the ALJ's decision and remand for an award of benefits. However, the Commissioner asserts that the ALJ's decision is supported by substantial evidence and should be affirmed.

For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief requested by Marcum.

**I.**

On February 11, 2010, Marcum applied for a period of disability and DIB under Title II of the Act, and SSI under Title XVI of the Act. [*See* Administrative Transcript, "Tr.," at p. 18] She

alleged a disability beginning January 1, 2010. Her claims were denied initially and upon reconsideration. Marcum, along with her representative Patsy R. Hughes and vocational expert ("VE") Linda Taber appeared before ALJ Roger L. Reynolds on September 10, 2012, for an administrative hearing. In a decision dated October 25, 2013, ALJ Reynolds found that Marcum was not disabled under sections 216(i), 223(d), or 1614(a)(3)(A) of the Act. [Tr., pp. 18-27]

Marcum was forty-one years old at the time of the ALJ's decision. She quit school at the beginning of the ninth grade. Thus, she has an eighth grade education. [Tr., pp. 34-35] Marcum has past work as a housekeeper, cashier, security guard, construction laborer, and babysitter. [Tr., pp. 25, 27] Marcum reported that she stopped working in January of 2010. [Tr., p. 169] She alleges disability due to hearing problems, anxiety, headaches, and high blood pressure. [*Id.*]

After reviewing the record and considering the testimony presented during the administrative hearing, the ALJ concluded that Marcum suffers from the severe impairments of bilateral hearing loss, borderline intellectual functioning, generalized anxiety disorder, a learning disorder in reading, obesity, hypertension, and seizure disorder. [Tr., p. 20] Notwithstanding these impairments, ALJ Reynolds found that Marcum retained the residual functional capacity ("RFC") to perform less than the full range of heavy, medium, light, and sedentary work, subject to the following limitations:

> no work in excessively noisy environments or where acute hearing is required for safety or job performance, no work at heights or around industrial hazards; no commercial driving; requires entry level work with simple one-two-three step procedures, no frequent changes in job routines, no requirement for detailed or complex problem solving, independent planning or the setting of goals, should work in an object oriented environment with only occasional and casual contact with the general public.

[Tr., p. 22]

Based on the testimony presented during the administrative hearing, together with the medical evidence and consultative examiner's opinions, the ALJ found that Marcum was unable to perform any of her past relevant work. [Tr., p. 25] However, based on the VE's testimony, and after considering Marcum's age, education, work experience, and RFC, the ALJ determined that Marcum could perform other jobs that exist in the national economy, such as a light assembly worker, light laundry worker, and sedentary surveillance monitor. [Tr., p. 26] As a result, ALJ Reynolds concluded that Marcum is not disabled.

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age,

education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether she can perform her past work. If she can, she is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported

by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). In other words, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

Marcum's sole argument is that the ALJ erred in determining that she does not meet Listing 12.05C, the listing for intellectual disability. When a claimant alleges that she meets or equals a listed impairment, she must present or identify specific medical findings that satisfy all criteria of the particular listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-32 (1990); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001); 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1525, 404.1526, 416.920(a)(4)(iii), 416.925, 416.926. Conversely, "a claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Sullivan*, 493 U.S. at 531.

At the time of the ALJ's decision, listing 12.05 provided[1]:

Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, *i.e*., the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
. . .

---

1   The Commissioner points out that this listing was changed August 1, 2013. The terminology in Listing 12.05 was changed from "mental retardation" to "intellectual disability." [Record No. 15, p. 4 n.2 (citing Change in Terminology: "Mental Retardation" to "Intellectual Disability," 68 Fed. Reg. 46, 499-01 (Aug. 1, 2013)).] The change did not affect how a claim is evaluated under Listing 12.05. *See Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 2014 WL 223655, at *2 n.1 (6th Cir. Jan. 21, 2014).

> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05 (2012).

To meet Listing 12.05, "a claimant must prove the following: (1) the claimant suffers from significantly subaverage general intellectual functioning, (2) the claimant suffers from deficits in adaptive functioning, (3) such deficits initially manifested during the developmental period (i.e., before age 22), and (4) one of the four criteria (A, B, C, or D) is met." *Daniels v. Comm'r of Soc. Sec.*, 70 F. App'x. 868, 872 (6th Cir. 2003) (citation omitted). "The Commissioner applies a heightened evidentiary standard for presumptive disability cases under the listings . . . because the listings permit a finding of disability based solely on medical evidence, rather than a determination based on every relevant factor in a claim." *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 710 (6th Cir. 2013).

Marcum failed to establish that she was presumptively disabled under Listing 12.05 under the limited objective evidence of record. The ALJ accorded great weight to the opinions of consultative examiner Gary C. Stewart, Ph.D., who examined Marcum in May of 2009. [Tr., p. 233] Dr. Stewart administered an IQ test and found that Marcum's full scale IQ score was 63. [Tr., p. 234] Dr. Stewart noted that there were no records to corroborate Marcum's self-reported symptoms. [Tr., p. 234] Despite her relatively low IQ score, Dr. Stewart estimated that Marcum's actual functional ability was in the borderline range. [Tr., p. 238] Dr. Stewart concluded that Marcum gave no indication of cognitive impairment that would limit vocational training, and that any vocational training would be limited only by her relatively lower IQ score and lack of motivation. [*Id.*] Thus, under the Social and Occupational Functioning Scale, Dr. Stewart found

Marcum only mildly impaired. [*Id.*] He found her potential to understand and follow instructions, sustain attention, relate to others, and to tolerate stress to be fair. [*Id.*]

The findings of the State agency psychological consultant, Dan Vandivier, Ph.D., lends no support to Marcum's arguments. Dr. Vandivier found that there was insufficient evidence of any mental impairment. [Tr., p. 218] This was based on the fact that Marcum was "not willing to cooperate in regards to functional information or consultative examinations." [Tr., p. 230]

Other evidence of record supports that Marcum does not meet the listing for intellectual disabilities. Marcum lives independently, with her two sons. [Tr., p. 195] She manages her housekeeping, prepares food, takes medications, shops, and does laundry. She drives, manages her finances, watches television, and goes outside everyday. [Tr., p. 21]

There is no evidence that Marcum experienced deficiencies in "adaptive functioning" during the developmental period. *See West v. Comm'r SSA*, 240 F. App'x 692, 698 (6th Cir. 2013). "Adaptive functioning includes a claimant's effectiveness in areas such as social skills, communication, and daily living skills." *West*, 240 F. App'x at 698. Although Marcum states that she took special education classes in school, it is unclear that this was due to significantly subaverage intellectual functioning. Moreover, Marcum was released from the special education program and placed into standard classes when she was fourteen. [Tr., p. 215] Her school records show that she scored in the average intelligence range in second and third grades. [Tr., pp. 216, 217] The fact that Marcum has never been diagnosed with an intellectual disability is "probative" to the 12.05C determination. *See Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x. 533, 539 (6th Cir. 2014).

The Court also notes that the denial of benefits under the Act has been upheld in similar situations. *See id.* (citing *Eddy v. Comm'r of Soc. Sec.*, 506 F. App'x 508, 510 (6th Cir. 2012) ( a

claimant's eighth grade education with a history of special education classes did not establish deficits in adaptive functioning prior to age twenty-two); *Foster*, 279 F.3d at 352-55 (a ninth-grade education completed through special education classes, followed by numerous unsuccessful attempts at a GED, coupled with an adult full scale IQ of 69 did not establish adaptive functioning deficits prior to age twenty-two); *cf. Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x. 672, 676-77 (6th Cir. 2009) ("This Court has never held that poor academic performance, in and of itself, is sufficient to warrant a finding of onset of subaverage intellectual functioning before age twenty-two.")).

Nor is it reversible error that ALJ Reynolds failed to specifically discuss Listing 12.05. First, there is no indication in the record that Marcum intended to prove that she met the Listing for intellectual disabilities. The ALJ was not required to address every listing, or to discuss listings that the claimant clearly does not meet. *See Sheeks v. Comm'r of Soc. Sec. Admin.*, 544 F. App'x 639, 641-42 (6 th Cir. 2013). This is especially true where the claimant does not raise the issue before the ALJ. *See id.*

In summary, Marcum has failed to establish that she meets all of the requirements of Listing 12.05. Based on the medical evidence of record, Marcum has never been diagnosed with an intellectual disability. She has not shown that her adaptive functioning was significantly subaverage before the age of twenty-two. Rather, the tests that were provided show that she tested in average ranges at a young age, and she was eventually removed from special education classes. Although Marcum's IQ score was low, the consultative examiner concluded that her actual functioning was borderline, and that her ability to perform work-related tasks was fair. Accordingly, the ALJ's decision will be upheld.

## IV.

Although Marcum suffers from some impairments, she has not established that she is disabled as defined by the Act. The ALJ did not err in his evaluation of Marcum's case; instead, his decision is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Tonya G. Marcum's Motion for Summary Judgment [Record No. 12] is **DENIED**.

2. Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 15] is **GRANTED**.

3. The administrative decision of Administrative Law Judge Roger L. Reynolds will be **AFFIRMED** by separate Judgment entered this date.

This 14th day of July, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge